SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
STEVEN H. WINICK, Cal. Bar No. 160815
BRIAN R. BLACKMAN, Cal. Bar No. 196996
MARTIN D. WHITE, Cal. Bar No. 253476
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:    415-434-9100
Facsimile:    415-434-3947
shwinick@sheppardmullin.com
bblackman@sheppardmullin.com
mwhite@sheppardmullin.com

Attorneys for Defendants
HILL FLORAL PRODUCTS, INC. and
HS FLORAL DISTRIBUTORS, INC.

E-filing

PJH

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

CV 08 1294

| | |
|---|---|
| THE SUN VALLEY GROUP, INC., | Case No. |
| Plaintiff, | **NOTICE OF REMOVAL UNDER 28 U.S.C. 1441(b) (DIVERSITY)** |
| v. | **DEMAND FOR JURY TRIAL** |
| HILL FLORAL PRODUCTS, INC., an Ohio Corporation, HS FLORAL DISTRIBUTORS, INC., an Indiana Corporation, and DOES 1-100 Inclusive, | |
| Defendants. | |

1    TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN

2  DISTRICT OF CALIFORNIA:

3    PLEASE TAKE NOTICE that defendants Hill Floral Products, Inc. ("Hill Floral") and HS

4  Floral Distributors, Inc. ("HS Floral") (collectively the "Removing Defendants") remove to this

5  Court the state court action described below:

6    On or about February 4, 2008, an action was commenced in the Superior Court of the State

7  of California in and for the County of Humboldt, entitled *The Sun Valley Group, Inc. v. Hill Floral*

8  *Valley, Inc., HS Floral Distributors, and Does 1 through 100,* Case No. DR080025 (the "State

9  Court Action").

10    **I.**

11    **BASIS FOR REMOVAL – DIVERSITY JURISDICTION**

12    1.    This action may be removed to this Court pursuant to 28 U.S.C. § 1441(b) because

13  this is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 in that it

14  is a civil action between citizens of different states and the matter in controversy exceeds the sum

15  of $75,000, exclusive of interests and costs.

16    2.    Complete diversity exists. Removing Defendants are informed and believe that

17  plaintiff Sun Valley is now, and was at the time of filing the complaint, a corporation incorporated

18  in the state of California with its principal place of business in Arcata, California. (Complaint at

19  ¶ 1.) Defendant Hill Floral is now, and was at the time of filing the complaint, a corporation

20  incorporated in the State of Ohio with its principal place of business in Indiana and, therefore, is a

21  citizen of both Ohio and Indiana. (Complaint at ¶ 2.) Defendant HS Floral is now, and was at the

22  time of filing the complaint, a corporation incorporated in the State of Indiana with its principal

23  place of business in Indiana and, therefore, is a citizen of Indiana. (Complaint at ¶ 3.)

24    3.    The citizenship of defendants sued under fictitious names is disregarded for

25  removal purposes. *See* 28 U.S.C. § 1441(a).

26    4.    Using conservative estimates based on plaintiff's complaint, the amount in

27  controversy exceeds the $75,000 jurisdictional threshold of 28 U.S.C. § 1332. Without conceding

28

1   liability for any of plaintiff's claims, plaintiff, in its First and Second Causes of Action requests

2   damages of at least $842,301.92 excluding interest charged at the highest rate allowable by law

3   since the date sums became due and owing. (Complaint at ¶¶ 27-37; Prayer for Relief on the First

4   Cause of Action; Prayer for Relief on the Second Cause of Action.)

5        5.     This Court has original jurisdiction because the parties are citizens of different

6   states and the amount in controversy exceeds $75,000. It is facially apparent from the complaint,

7   and plaintiff's demands and representations, that the claims exceed $75,000. *See Luckett v. Delta*

8   *Airlines*, 171 F.3d 295, 298 (5th Cir. 1999). Here, Removing Defendants have demonstrated,

9   through plaintiff's allegations and representations, that the amount in controversy exceeds

10  $75,000. *Gaus v. Miles, Inc.*, 980 F.2d 564, 5676 (9th Cir. 1992). Removal, therefore, is

11  appropriate and proper.

12  **II.**

13  **THE NOTICE OF REMOVAL IS PROCEDURALLY CORRECT**

14       6.     Removing Defendants were first served with a copy of the Summons and

15  Complaint for the State Court Action on February 4, 2008. This Notice, therefore, is timely filed

16  in accordance with 28 U.S.C. § 1446(b), as less than thirty (30) days have elapsed since the

17  Removing Defendants first received the pleading setting forth the claims for relief upon which this

18  removal is based.

19       7.     Pursuant to 28 U.S.C. § 1441(a), this case may be removed to the United States

20  District Court for the Northern District of California, which is the proper venue for this action.

21       8.     Venue is proper in this Court under 28 U.S.C. § 1391(a). (Complaint ¶ 8-9.)

22       9.     Intradistrict Assignment. Because this action was originally filed in and arose in

23  Humboldt County (Complaint at ¶ 8-9), assignment to this division is appropriate under Local

24  Rule 3-2.

25       10.    In accordance with 28 U.S.C. § 1446, copies of all papers filed in the Superior

26  Court of the State of California for the County of Humboldt are attached as **Exhibit A.**

27

28

1    11.    A copy of this Notice of Removal will be filed with the Humboldt Superior Court

2  and will be served upon plaintiff pursuant to 28 U.S.C. § 1446(d).

3    WHEREFORE, the Removing Defendants remove the action now pending against them in

4  the Superior Court of the State of California, County of Humboldt, to this Honorable Court.

5  Dated: March 4, 2008

6                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

7

8                              By    _____

9                                    STEVEN H. WINICK
                                     BRIAN R. BLACKMAN
                                     Attorneys for Defendant
10                                   HILL FLORAL PRODUCTS, INC. and HS FLORAL
                                     DISTRIBUTORS, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEMAND FOR JURY TRIAL

2      Defendants Hill Floral Products, Inc. and HS Floral Distributors, Inc. demand a jury trial

3   as to all triable issues in this action.

4   Dated:  March 4, 2008

5                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

6

7                  By  _____
                                    STEVEN H. WINICK
8                                   BRIAN R. BLACKMAN
                                    Attorneys for Defendant
9                       HILL FLORAL PRODUCTS, INC. and HS FLORAL
                                    DISTRIBUTORS, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HILL FLORAL PRODUCTS, INC., an Ohio Corporation; HS
FLORAL DISTRIBUTORS, INC., an Indiana Corporation;
and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
THE SUN VALLEY GROUP, INC.

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Humboldt County Superior Court
825 Fifth Street
825 Fifth Street
Eureka, CA 95501

CASE NUMBER: *(Número del Caso):* DR080025

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Treven I. Tilbury (Bar No. 210052)    (916) 444-1000    (916) 444-2100
Downey Brand LLP
555 Capitol Mall, 10th Floor
Sacramento, CA 95814

DATE:                                  Clerk, by _____, Deputy
*(Fecha)*                              *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]

COPY

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

SUMMONS

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

1   DOWNEY BRAND LLP
    R. DALE GINTER (Bar No. 100784)
2   TREVEN I. TILBURY (Bar No. 210052)
    JANICE H. LAI (Bar No. 244995)
3   555 Capitol Mall, Tenth Floor
    Sacramento, CA 95814-4686
4   Telephone:   (916) 444-1000
    Facsimile:    (916) 444-2100

5

    Attorneys for Plaintiff
6   THE SUN VALLEY GROUP, INC.

7

8                SUPERIOR COURT OF CALIFORNIA

9                 COUNTY OF HUMBOLDT

10

11   THE SUN VALLEY GROUP, INC.,      CASE NO. **DR 0 8 0 0 2 5**

12           Plaintiff,         **COMPLAINT FOR FORECLOSURE OF**
                                **PRODUCER'S LIEN; BREACH OF**
13       v.                      **CONTRACT; FRAUD; NEGLIGENT**
                                  **MISREPRESENTATION; UNJUST**
14   HILL FLORAL PRODUCTS, INC., an   **ENRICHMENT; ACCOUNT STATED**
    Ohio Corporation; HS FLORAL
15   DISTRIBUTORS, INC., an Indiana
    Corporation; and DOES 1 through 100,
16   Inclusive,

17           Defendant.

18

19       Plaintiff THE SUN VALLEY GROUP, INC., as and for its Complaint against Defendants

20   HILL FLORAL PRODUCTS, INC. and HS FLORAL DISTRIBUTORS, INC. and DOES 1

21   through 100, inclusive, alleges as follows:

22                         **THE PARTIES**

23       1.     Plaintiff THE SUN VALLEY GROUP, INC. ("Plaintiff") is now, and at all times

24   relevant herein was, a corporation organized and existing under the laws of the State of

25   California, and doing business as a producer and grower of premium, fresh cut-flowers, with its

26   principal place of business in Arcata, California.

27       2.     Plaintiff is informed and believes, and thereon alleges, that Defendant HILL

28   FLORAL PRODUCTS, INC. ("HILL FLORAL") is now, and at all times relevant herein was, an

838404.1                         1

1   Ohio corporation, with its principal place of business in Richmond, Indiana.

2        3.    Plaintiff is informed and believes, and thereon alleges, that Defendant HS

3   FLORAL DISTRIBUTORS INC. ("HS FLORAL") is now, and at all times relevant herein was,

4   an Indiana corporation, with its principal place of business in Richmond, Indiana.

5        4.    Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 – 100

6   ("DOES 1- 100"), inclusive, and has therefore sued them by the foregoing names which are

7   fictitious. Plaintiff will amend the Complaint when the DOES 1-100's true names and capacities

8   are ascertained. Plaintiff is informed and believes, and thereon alleges, in accordance with Code

9   of Civil Procedure section 474, the each of said DOES 1-100 is responsible in some manner for

10  the breaches, acts, or omissions alleged in this Complaint, and that each of the said DOES 1 – 100

11  asserts some right, title or interest in the subject matter of this Complaint, and that Plaintiff's

12  injuries were proximately caused by the breaches, acts, or omissions of these Defendants.

13       5.    Plaintiff is informed and believes, and on that basis alleges, that at all times

14  relevant herein, HILL FLORAL, HS FLORAL, DOES 1- 100 (collectively "DEFENDANTS")

15  were and are the agent, employee, and partner of each of the remaining Defendants, and were, in

16  performing the acts complained of herein, acting within the scope of such agency, employment,

17  or partnership authority.

18       6.    Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 – 25

19  ("DOES 1- 25"), inclusive, and has therefore sued them by the foregoing names which are

20  fictitious. Plaintiff will amend the Complaint when the DOES 1-25's true names and capacities

21  are ascertained. Plaintiff is informed and believes, and thereon alleges that each of said DOES 1-

22  25 is an owner, officer, director, agent, employee, or shareholder of HILL FLORAL and/or HS

23  FLORAL, and is responsible in some manner for the breaches, acts, or omissions alleged in this

24  Complaint, and that Plaintiff's injuries were proximately caused by the breaches, acts, or

25  omissions of these Defendants.

26       7.    Plaintiff is ignorant of the true names and capacities of Defendants DOES 26 – 50

27  ("DOES 26- 50"), inclusive, and has therefore sued them by the foregoing names which are

28  fictitious. Plaintiff will amend the Complaint when the DOES 26 – 50's true names and

893494.1                                      2

1    capacities are ascertained. Plaintiff is informed and believes, and thereon alleges, that each of

2    said DOES 26-50 are a bank, lender, or investor in one of the other Defendants and claims an

3    interest or has claimed an interest in property or proceeds that are subject to Plaintiff's Producer's

4    Lien hereinafter described and which is the subject matter of this action, and that DOES 26-50's

5    interest in the lien is subordinated to Plaintiff's interest.

6                              **JURISDICTION AND VENUE**

7        8.        This Court has subject matter jurisdiction over this action and personal jurisdiction

8    over the Defendants. Defendants have minimum contacts with the State of California as

9    Defendants have regularly conducted business with Plaintiff in California, the contracts were

10   performed in California, and Defendants regularly purchased flowers from Plaintiff, Free On

11   Board ("FOB") California. Defendants also engage in substantial, continuous and systematic

12   business relationships with entities within California.

13       9.        Venue is proper in this Court pursuant to the Code of Civil Procedure section

14   395(a) because HILL FLORAL and HS FLORAL do not reside in the state, and DOES 1 – 100's

15   residences are unknown to Plaintiff.

16                             **GENERAL ALLEGATIONS**

17       10.       Plaintiff and HILL FLORAL have been doing business with each other for

18   approximately twenty (20) years. Plaintiff and HS FLORAL have been doing business with each

19   other since HS FLORAL'S inception in 1992. During their course of business, Plaintiff entered

20   into a series of agreements ("Contracts"), evidenced in writing and by the parties' course of

21   conduct, with Defendants HILL FLORAL, HS FLORAL and DOES 1-25 (collectively referred to

22   as "HILL DEFENDANTS"), to provide flowers grown at Plaintiff's farms, in pre-wrapped

23   bundles ("Products"), and shipped FOB California to the HILL DEFENDANTS' respective

24   distribution centers. Plaintiff supplied the HILL DEFENDANTS with the Products as ordered,

25   and the HILL DEFENDANTS agreed to pay for these Products as invoiced by Plaintiff.

26       11.       Plaintiff is informed and believes, and thereon alleges, that the HILL

27   DEFENDANTS would receive the Products from Plaintiff, process, arrange, and re-package the

28   Products, and ship the processed and re-packaged Products to their respective customers.

889404.1                                    3

1    12.    Plaintiff is informed and believes, and thereon alleges, that the HILL

2  DEFENDANTS' respective customers purchased the Products on credit and the HILL

3  DEFENDANTS generated accounts receivables for the sales.

4    13.    Plaintiff is informed and believes, and thereon alleges, that the Products supplied

5  to the HILL DEFENDANTS and proceeds generated from the sales of Plaintiff's Products are

6  subject to a Producer's Lien pursuant to Food and Agricultural Code Sections 55631 – 55653.

7    14.    Plaintiff is informed and believes, and thereon alleges, that the HILL

8  DEFENDANTS pledged the proceeds of its accounts receivables generated from the sales of

9  Plaintiff's Products, which are subject to Plaintiff's Producer's Lien, to secure financing from

10  DOES 26 – 50.

11    15.    Plaintiff is informed and believes, and thereon alleges, that pursuant to its

12  Producer's Lien, Plaintiff is a secured party and its Producer's Lien takes precedence over the

13  security interest of DOES 26 – 50.

14    16.    Plaintiff is informed and believes, and thereon, alleges, that the HILL

15  DEFENDANTS signed personal guarantees and Deeds of Trusts, to secure financing from DOES

16  26 – 50.

17    17.    On or about August 27, 2007, the HILL DEFENDANTS informed Plaintiff that

18  they would be ceasing all operations and would not be making any payments on existing

19  outstanding accounts until they first repaid their secured lenders, DOES 26 – 50, in full.

20    18.    Plaintiff is informed and believes, and thereon alleges, that DEFENDANTS have

21  or claim to have some lien, right, title, or interest in the property or proceeds subject to Plaintiff's

22  Producer's Lien which is the subject matter of this action, or some part thereof, which said claim

23  and claims and all such claims or liens are subject, subsequent and subordinate to Plaintiff's

24  Producer's Lien. Plaintiff further alleges that DOES 26 – 50 must rely upon security that is

25  wholly independent of Plaintiff's Producer's Lien, namely, the HILL DEFENDANTS' personal

26  guarantees and Deeds of Trust.

27    19.    Plaintiff has performed all obligations and conditions necessary and required of it

28  under the Contracts, except for those excused by the HILL DEFENDANTS' failures to perform

888404.1                                      4

1    under the Contracts.

2        20.        Plaintiff is informed and believes, and thereon alleges, that in 2005, the HILL

3    DEFENDANTS became aware that HILL FLORAL and HS FLORAL were facing financial

4    hardship and that it was possible that the HILL DEFENDANTS would have difficulty paying for

5    the Products when due. Yet, the HILL DEFENDANTS continued to purchase Plaintiffs'

6    Products.

7        21.        Plaintiff is informed and believes, and thereon alleges, that beginning in 2005, the

8    HILL DEFENDANTS engaged in questionable accounting and/or failed to conform to generally

9    accepted accounting practices. As a result of their failure to comply with generally accepted

10   accounting practices, the HILL DEFENDANTS knew or should have known that their financial

11   status, as reflected in their financial statements, were inaccurate. As a result, the HILL

12   DEFENDANTS knew or should have known that they were making false and/or inaccurate

13   representations to Plaintiff regarding their financial stability.

14       22.        Plaintiff is informed and believes, and thereon alleges, that from the Fall of 2005

15   through August 2007, the HILL DEFENDANTS knowingly made false representations of

16   material fact to Plaintiff that the HILL DEFENDANTS would be able to pay Plaintiffs invoices as

17   they became due, or at a minimum, that the HILL DEFENDANTS would pay between $75,000

18   and $50,000 a week in order to reduce the outstanding balance owed to Plaintiffs until paid in

19   full. In addition, during the Fall of 2005, on at least one occasion, representatives of the HILL

20   DEFENDANTS, including but not limited to Lee Mann, represented to Plaintiff, specifically

21   Bruce Brady and Lane Devries, that payment would be made in full, that Lindley Mann would

22   stand behind the HILL DEFENDANTS' financial obligations, and that the HILL DEFENDANTS

23   owned other companies with substantial assets that would serve as reserve funding to pay for

24   Plaintiffs' Products in the event of one or more of the HILL DEFENDANTS' inability to pay.

25   Plaintiff is informed and believes, and thereon alleges, that the HILL DEFENDANTS made these

26   false representations with the intent to deceive or induce Plaintiff's reliance by indicating to

27   Plaintiff that payment would be forthcoming, including payment from the officers, shareholders,

28   or third parties of HILL FLORAL and HS FLORAL, if necessary. Plaintiff justifiably relied on

888404.1                                              5

1  the HILL DEFENDANTS' false representations by continuing to sell its Products to the HILL

2  DEFENDANTS on credit. Plaintiff has been damaged because Plaintiff continued to supply the

3  HILL DEFENDANTS with its Products, but has not been paid.

4      23.      Plaintiff is informed and believes, and thereon alleges, that from the Fall of 2005

5  through August 2007, the HILL DEFENDANTS made representations of material fact that the

6  HILL DEFENDANTS would be able to pay Plaintiffs invoices as they became due, or at a

7  minimum, that the HILL DEFENDANTS would pay between $75,000 and $50,000 a week in

8  order to reduce the outstanding balance owed to Plaintiff until paid in full. In addition, during the

9  Fall of 2005, on at least one occasion, representatives of the HILL DEFENDANTS, including but

10  not limited to Lee Mann, represented to Plaintiff, specifically Bruce Brady and Lane Devries, that

11  payment would be made in full, that Lindley Mann would stand behind the HILL

12  DEFENDANTS' financial obligations, and that the HILL DEFENDANTS owned other

13  companies with substantial assets that would serve as reserve funding to pay for Plaintiffs'

14  Products in the event of one or more of the HILL DEFENDANTS' inability to pay. Plaintiff is

15  informed and believes, and thereon alleges, that when the HILL DEFENDANTS made these

16  representations to Plaintiff, they had no reasonable ground to believe the representations were

17  true and had the intent to deceive or induce Plaintiff's reliance. Plaintiff was ignorant of the

18  falsity of the HILL DEFENDANTS' representations, and justifiably relied on the HILL

19  DEFENDANTS' false representations by continuing to deliver Products to the HILL

20  DEFENDANTS. Plaintiff has been damaged because Plaintiff continued to supply the HILL

21  DEFENDANTS with its Products, but has not been paid.

22      24.      Plaintiff is informed and believes, and thereon alleges, that the HILL

23  DEFENDANTS fraudulently induced Plaintiff to enter into the Contracts from the Fall of 2005

24  through August 2007. Plaintiff is informed and believes that from the Fall of 2005 through

25  August 2007, the HILL DEFENDANTS knew or had reason to know that they would be unable

26  to pay Plaintiff's invoices as they became due, but continued to place orders for Plaintiff's

27  Products. The HILL DEFENDANTS' fraudulent inducement caused Plaintiff to change its

28  position because Plaintiff continued to supply the HILL DEFENDANTS with its Products, but

1    has not been paid.

2       25.      Plaintiff is informed and believes, and thereon alleges, that from the Fall of 2005

3    through August 2007, the HILL DEFENDANTS entered into the Contracts with Plaintiff, but had

4    no intention to perform because at that time of the making of the Contracts, the HILL

5    DEFENDANTS knew or had reason to know that they would be unable to pay Plaintiff's invoices

6    as they became due.  Plaintiff is informed and believes, and thereon alleges, that the HILL

7    DEFENDANTS entered into these Contracts in bad faith and with the intent to deceive or induce

8    Plaintiff to continue to supply the HILL DEFENDANTS with its Products.  At the time the

9    Contracts were entered into, Plaintiff was ignorant of the HILL DEFENDANTS secret intention

10   not to perform.  Plaintiff justifiably relied on the HILL DEFENDANTS' false representations by

11   continuing to sell its Products to the HILL DEFENDANTS on credit.  If Plaintiff had known of

12   the actual intention of the HILL DEFENDANTS, plaintiff would not have taken such action.

13   Plaintiff has been damaged because Plaintiff continued to supply the HILL DEFENDANTS with

14   its Products, but have not been paid.

15      26.      Despite Plaintiff's demands to the contrary, the HILL DEFENDANTS have not

16   paid Plaintiff in full for the outstanding balance.  Thus, $842,301.92 is due and owning as of

17   September 20, 2007, plus attorneys fees, costs, and interest as provided by contract and law.

18   Despite demands that the amount be paid, it remains owing.

19                           **FIRST CAUSE OF ACTION**

20   **(Foreclosure of Producer's Lien, Food and Agricultural Code Sections 55631 – 55653)**

21                              **(Against all Defendants)**

22      27.      Plaintiff realleges and incorporates by reference each and every allegation of the

23   above paragraphs 1 through 26 inclusive, as set forth herein.

24      28.      Plaintiff is a producer and grower of  premium, fresh cut-flowers, with its principal

25   place of business in Arcata, California.

26      29.      Plaintiff entered into Contracts, as evidenced in writing and by the parties' course

27   of conduct, with the HILL DEFENDANTS, to provide Products grown at Plaintiff's farms, in

28   pre-wrapped bundles, and shipped FOB California to the HILL DEFENDANTS' respective

888404.1                                  7

1  distribution centers.

2    30.    Plaintiff is informed and believes, and thereon alleges, that the Products supplied

3  to the HILL DEFENDANTS and proceeds generated from the sales of Plaintiff's products are

4  subject to a Producer's Lien pursuant to Food and Agricultural Code Sections 55631 – 55653.

5    31.    Plaintiff is informed and believes, and thereon alleges, that the HILL

6  DEFENDANTS pledged the proceeds of its accounts receivables generated from the sales of

7  Plaintiff's Products, which are subject to Plaintiff's Producer's Lien, to secure financing from

8  DOES 26 – 50.

9    32.    Plaintiff is informed and believes, and thereon, alleges, that the HILL

10  DEFENDANTS signed personal guarantees and Deeds of Trust, to secure financing from DOES

11  26 – 50.

12    33.    Plaintiff is informed and believes, and thereon alleges, that DEFENDANTS have

13  or claim to have some lien, right, title, or interest in Plaintiff's Producer's Lien hereinafter

14  described and which is the subject matter of this action, or some part thereof, which said claim

15  and claims and all such claims or liens are subject, subsequent and subordinate to Plaintiff's

16  Producer's Lien. Additionally, DOES 26 – 50 must rely upon security that is wholly independent

17  of Plaintiff's Producer's Lien, namely, the HILL DEFENDANTS' personal guarantees and

18  Deeds of Trust.

19    WHEREFORE, Plaintiff seeks relief as set forth in the Prayer for Relief.

20    **SECOND CAUSE OF ACTION**

21    **(Breach of Contract Against the HILL DEFENDANTS)**

22    34.    Plaintiff realleges and incorporates by reference each and every allegation of the

23  above paragraphs 1 through 33 inclusive, as set forth herein.

24    35.    Plaintiff has performed all obligations and conditions necessary and required of it

25  under the Contracts, except for those excused by the HILL DEFENDANTS' failures to perform

26  under the Contracts.

27    36.    On or about August 27, 2007, the HILL DEFENDANTS informed Plaintiff that

28  they would be ceasing all operations and would not be making any payments on existing

888404.1                                    8

                                    COMPLAINT

1   outstanding accounts until they first repaid their secured lender, DOES 26 – 50, in full. The

2   HILL DEFENDANTS have breached the Contracts by failing to pay for the products as invoiced.

3   The HILL DEFENDANTS have also repudiated the Contracts by indicating that no further

4   payments would be made.

5       37.     As a result of said breaches, Plaintiff has been damaged in an amount of at least

6   $842,301.92, plus interest, costs, and attorneys' fees.

7       WHEREFORE, Plaintiff seeks relief as set forth in the Prayer for Relief.

8                           **THIRD CAUSE OF ACTION**

9                       **(Fraud Against the HILL DEFENDANTS)**

10      38.     Plaintiff realleges and incorporates by reference each and every allegation of the

11  above paragraphs 1 through 37 inclusive, as set forth herein.

12      39.     As set forth more fully in paragraphs 21, 22, 24, and 25, Plaintiff is informed and

13  believes, and thereon alleges, that from the Fall of 2005 through August 2007, the HILL

14  DEFENDANTS knowingly made false representations to Plaintiff that the HILL DEFENDANTS

15  would pay Plaintiff's invoices, fraudulently induced Plaintiff to enter into the Contracts, entered

16  into the Contracts with no intention to perform, and engaged in questionable accounting and/or

17  failed to conform to generally accepted accounting practices.

18      40.     Plaintiff is informed and believes, and thereon alleges, that the HILL

19  DEFENDANTS engaged in such fraud with the intent to deceive or induce Plaintiff's reliance by

20  indicating to Plaintiff that payment would be forthcoming, including payment from the officers

21  and directors of HILL FLORAL and HS FLORAL, if necessary.

22      41.     Plaintiff justifiably relied on the HILL DEFENDANTS' fraud by continuing to sell

23  its Products to the HILL DEFENDANTS on credit.

24      42.     Plaintiff has been damaged because Plaintiff continued to supply the HILL

25  DEFENDANTS with its Products, but has not been paid.

26      43.     The HILL DEFENDANTS' acts alleged above were willful, wanton, malicious,

27  and oppressive, were undertaken with the intent to defraud, and justify the awarding of exemplary

28  and punitive damages pursuant to California Civil Code Section 3294.

888404.1                                  9

1   WHEREFORE, Plaintiff seeks relief as set forth in the Prayer for Relief.

2   **FOURTH CAUSE OF ACTION**

3   (Negligent Misrepresentation Against the HILL DEFENDANTS)

4       44.     Plaintiff realleges and incorporates by reference each and every allegation of the

5   above paragraphs 1 through 43 inclusive, as set forth herein.

6       45.     Plaintiff is informed and believes, and thereon alleges, that from the Fall of 2005

7   through August 2007, the HILL DEFENDANTS made representations of material fact that the

8   HILL DEFENDANTS would be able to pay Plaintiffs invoices as they became due.

9       46.     Plaintiff is informed and believes, and thereon alleges, that during the Fall of 2005,

10   on at least one occasion, representatives of the HILL DEFENDANTS, including but not limited

11   to Lee Mann, represented to Plaintiff, specifically Bruce Brady and Lane Devries, that payment

12   would be made in full, that Lindley Mann would stand behind the HILL DEFENDANTS'

13   financial obligations, and that the HILL DEFENDANTS owned other companies with substantial

14   assets that would serve as reserve funding to pay for Plaintiffs' Products in the event of one or

15   more of the HILL DEFENDANTS' inability to pay.

16       47.     Plaintiff is informed and believes, and thereon alleges, that on or about October

17   14, 2005, the HILL DEFENDANTS made representations to Plaintiff that the HILL

18   DEFENDANTS would pay a minimum of $50,000 a week in order to reduce the outstanding

19   balance owed to Plaintiffs until paid in full.

20       48.     Plaintiff is informed and believes, and thereon alleges, that on or about February 2,

21   2007, on or about February 12, 2007, on or about February 22, 2007, and on or about March 27,

22   2007, the HILL DEFENDANTS made representations to Plaintiff that the HILL DEFENDANTS

23   would pay $75,000 a week in order to reduce the outstanding balance owed to Plaintiffs until paid

24   in full.

25       49.     Plaintiff is informed and believes, and thereon alleges, that when the HILL

26   DEFENDANTS made these representations to Plaintiff, they had no reasonable ground to believe

27   the representations were true and had the intent to deceive or induce Plaintiff's reliance.

28       50.     Plaintiff was ignorant of the falsity of the HILL DEFENDANTS' representations.

883404.1

10

1     51.     Plaintiff justifiably relied on the HILL DEFENDANTS' representations by

2  continuing to sell its Products to the HILL DEFENDANTS on credit.

3     52.     Plaintiff has been damaged because Plaintiff continued to supply the HILL

4  DEFENDANTS with its Products, but have not been paid.

5    WHEREFORE, Plaintiff seeks relief as set forth in the Prayer for Relief.

6                **FIFTH CAUSE OF ACTION**

7           **(For Unjust Enrichment against All Defendants)**

8     53.     Plaintiff realleges and incorporates by reference each and every allegation of the

9  above paragraphs 1 through 52 inclusive, as set forth herein.

10    54.     Plaintiff supplied the HILL DEFENDANTS with its Products, but have not been

11  paid for those Products.

12    55.     DEFENDANTS have received the benefit from Plaintiff's products in that the

13  HILL DEFENDANTS were able to sell Plaintiff's Products, collect funds for those sales, obtain

14  financing from DOES 26 - 50, and reduce its financial obligation to DOES 26 – 50.

15    56.     Plaintiff has made a demand on the HILL DEFENDANTS for payment of

16  $842,301, but the HILL DEFENDANTS have failed and refused and continue to fail and refuse to

17  pay the sums, and said sums remain due, owing and unpaid.  Further, the HILL DEFENDANTS

18  have stated that they do not intend to pay its outstanding debt to Plaintiff, and instead intends to

19  use the proceeds to which Plaintiff's Producer's Lien attaches, to pay DOES 26 – 50.

20    57.     The HILL DEFENDANTS have also unjustly had use of the funds due and owing

21  to Plaintiff without having to pay interest on those funds, and consequently have been further

22  unjustly enriched.  Plaintiff is therefore entitled to interest on the unpaid amount at the highest

23  rate allowable by law since said funds became due and owing.

24    WHEREFORE, Plaintiff seeks relief as set forth in the Prayer for Relief.

25                **SIXTH CAUSE OF ACTION**

26          **(Account Stated Against the HILL DEFENDANTS)**

27    58.     Plaintiff realleges and incorporates by reference each and every allegation of the

28  above paragraphs 1 through 57 inclusive, as set forth herein.

1    59.    Plaintiff supplied the HILL DEFENDANTS with its Products, at the request of the

2  HILL DEFENDANTS, and as a result, the HILL DEFENDANTS have become indebted to

3  plaintiff for the amount of the Products supplied.

4    60.    Within the past two years, Plaintiff sent the HILL DEFENDANTS a written

5  statement of account and on the statement, a balance of $842,301 was found due from the HILL

6  DEFENDANTS.

7    61.    The HILL DEFENDANTS have indicated their agreement that the account stated

8  is accurate because they have had ample time to object to the written statement of account but to

9  date have not objected.  The HILL DEFENDANTS have also acknowledged that the balance is

10  due and owing, but refuse to pay any portion of the balance until their financial obligation to

11  DOES 26 – 50 has been satisfied.

12    WHEREFORE, Plaintiff seeks relief as set forth in the Prayer for Relief.

13    **PRAYER FOR RELIEF**

14    WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as

15  follows:

16    **ON THE FIRST CAUSE OF ACTION**

17    1.    That the court adjudge that the Producer's Lien referred to above be foreclosed

18  against the HILL DEFENDANTS and that the usual judgment for foreclosure and sale be made

19  according to law by a commissioner to be appointed by the court; that the proceeds of sale be

20  applied to the payment of the sums due to Plaintiff, including interest thereon, at the highest rate

21  allowed by law from the date said sums became due until entry of judgment.

22    2.    That the court adjudge that the rights, claims, ownership, liens, title estates, and

23  demands of the DOES 26 – 50, in the proceeds of the HILL DEFENDANTS' accounts

24  receivables generated from the sales of Plaintiff's Products, are subordinate to and subject to

25  Plaintiff's Producer's Lien.

26    3.    That the court adjudge that DOES 26 – 50 must rely upon security that is wholly

27  independent of Plaintiff's Producer's Lien, namely, the HILL DEFENDANTS' personal

28  guarantees and Deeds of Trust of Guarantee.

888404.1

COMPLAINT

4. That if there is a deficiency of proceeds to satisfy all amounts due Plaintiff, judgment for the deficiency shall be entered against the HILL DEFENDANTS, following proceedings prescribed by law.

5. Interest of the amount of the lien from the date it became due and owing.

### ON THE SECOND CAUSE OF ACTION

1. For judgment in an amount to be proved at trial, together with interest thereon at the highest rate allowed by law since the date sums became due and owing.

2. For costs of suit, including attorneys' fees.

### ON THE THIRD CAUSE OF ACTION

1. For compensatory damages according to proof;

2. For punitive damages; and

3. For interest at the highest rate allowed by law since the date sums became due and owing.

### ON THE FOURTH CAUSE OF ACTION

1. For compensatory damages according to proof;

2. For punitive damages; and

3. For interest at the highest rate allowed by law since the date sums became due and owing.

### ON THE FIFTH CAUSE OF ACTION

1. For judgment in an amount to be proved at trial together with interest thereon at the highest rate allowed by law since the date said sums became due and owing.

### ON THE SIXTH CAUSE OF ACTION

1. For judgment in an amount to be proved at trial together with interest thereon at the highest rate allowed by law since the date said sums became due and owing.

### ON ALL CAUSES OF ACTION

1. For costs of suit herein.

2. For interest as provided by law, statute, or contract.

3. For such other and further relief as the court may deem just and proper.

13

1

2    DATED: January 8, 2008                DOWNEY BRAND LLP

3

4                                          By: _____

5                                               TREVEN L. TILBURY
                                                Attorney for Plaintiff
6                                               The Sun Valley Group, Inc.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

188404.1

                                    14
                                 COMPLAINT

1  DOWNEY BRAND LLP
   R. DALE GINTER (Bar No. 100784)
2  TREVEN I. TILBURY (Bar No. 210052)
   JANICE H. LAI (Bar No. 244995)
3  555 Capitol Mall, Tenth Floor
   Sacramento, CA 95814-4686
4  Telephone:   (916) 444-1000
   Facsimile:   (916) 444-2100
5
   Attorneys for Plaintiff
6  THE SUN VALLEY GROUP, INC.

7

8              SUPERIOR COURT OF CALIFORNIA

9                 COUNTY OF HUMBOLDT

10

11 THE SUN VALLEY GROUP, INC.,          CASE NO. DR080025

12          Plaintiff,                  NOTICE OF INCLUSION IN DELAY
                                        REDUCTION PROGRAM
13      v.
                                        NOTICE OF CASE MANAGEMENT
14 HILL FLORAL PRODUCTS, INC., an       CONFERENCE
   Ohio Corporation; HS FLORAL
15 DISTRIBUTORS, INC., an Indiana
   Corporation; and DOES 1 through 100,
16 Inclusive,

17          Defendants.

18

19

20    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

21        Please take notice that the above-entitled action has been included in the Delay Reduction

22 Program of the County of Humboldt. You are required to comply with the guidelines for program

23 cases as set forth in California Rules of Court, Title 3, Division 7, Chapters 1, 2, and 3, and

24 Humboldt County Local Rules, 5.1 through 5.8.

25        You are further advised that a CASE MANAGEMENT CONFERENCE in the above

26 action has been scheduled for May 15th , 2008 , at 9:30 a.M. in Department #

27 4 of the Humboldt Superior Court. Initial CASE MANAGEMENT STATEMENT on Judicial

28 Council form CM-110 shall be filed with the court and exchanged among the parties no later than

FILED
JAN 24 2008
SUPERIOR COURT OF CALIFORNIA

                        1
NOTICE OF INCLUSION IN DELAY REDUCTION PROGRAM

1    15 days before the Case Management Conference.

2         DATED:                          DWIGHT CLARK, CLERK

3

4                                    By: _____, Deputy

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOWNEY BRAND LLP

902550.1

2

NOTICE OF INCLUSION IN DELAY REDUCTION PROGRAM